

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

FEB 0 8 2011

J.T. NOBLIN, CLERK
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DAVID MARQUAR                                                    **PLAINTIFF**

VS.

OFFICER CHRIS ALLEN, individually and in his official
capacity as a duly commissioned Police Officer                    CIVIL ACTION NO.
for the City of Waveland, MS; POLICE CHIEF James A. Varnell,
individually and in his official capacity as a duly commissioned Police    1:11cv 54 LG-RHW
Officer for the City of Waveland, MS; David Garcia, individually and in
his official capacity as Mayor of The City of Waveland, MS;
UNKNOWN JOHN AND JANE DOES A-Z

                                                                **DEFENDANTS**

---

### COMPLAINT
### THE PLAINTIFF DEMANDS A TRIAL BY JURY

---

COMES NOW, the Plaintiff, DAVID MARQUAR, in the above styled and numbered

civil action, by and through his counsel of record, Bobby Moak, who files this Complaint against

the aforementioned Defendants.  In support of the same, the Plaintiff states, avers and gives

notice of the following;

### PRELIMINARY STATEMENT

1. This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was

   a blatant violation of, inter alia, the federal civil, constitutional and human rights of

   DAVID MARQUAR, who has made charges of malfeasance, improper use of force,

   illegal detainment, false arrest, assault and battery, and negligent infliction of emotional

   distress against OFFICER CHRIS ALLEN and other named defendants.  As a direct and

   proximate consequence of the damages DAVID MARQUAR received at the hands of

   Waveland Police OFFICER CHRIS ALLEN, DAVID MARQUAR experienced pain and

1

suffering, mental anguish, trauma and distress, loss of enjoyment of life and other damages as contemplated by all applicable violations of his constitutional and human rights.  It is alleged that DAVID MARQUAR's  rights under certain federal statutes, to include 42 U.S.C. Sections 1983, 1985 and 1986, together with the 5th, 8th, and 14th Amendment, rights under the Constitution of the United States of America, and rights guaranteed by the State of Mississippi were violated.

2.  It is on behalf of DAVID MARQUAR that he files this action and prays for the relief set forth in the following paragraphs.

## STATEMENT OF FACTS

3.  Prior to February 7, 2010, the citizens of Waveland have been subjected to unnecessary and unreasonable actions as herein described at the hands of The City of Waveland, MS and other named defendants.

4.  Relative to a 911 call by an anonymous, and presumed female caller, loud music was heard in the neighborhood that bothered her.  Waveland Police were alerted to investigate.

5.  Further, the caller traveled in her vehicle throughout the neighborhood and pin-pointed the loud music to be coming from an address at 600 Turner Street, Waveland, Mississippi.

6.  A call went out for an officer to be dispatched to 600 Turner Street.

7.  OFFICER CHRIS ALLEN was not originally dispatched by headquarters to this address, but picked up the call and traveled to the location.

8.  OFFICER CHRIS ALLEN arrived at 600 Turner Street and was given the opportunity to speak with the owner of this property, Mr. Kendall Marquar.

9.  OFFICER CHRIS ALLEN requested Mr. Marquar to turn down the music.

10. Mr. Marquar complied and performed the same.

11. It was at this time, OFFICER CHRIS ALLEN decided to enter property belonging to the Defendant David Marquar located at Longo Street, Waveland, Mississippi.

12. In order to enter the Defendant David Marquar's property from 600 Turner Street, OFFICER CHRIS ALLEN had to traverse through a narrow opening between a large white tent that was set up at 600 Turner Street and the corner of the house at that same address, but he did so. Both properties were hosting a "Super Bowl" party during the first ever New Orleans Saints appearance there.

13. Officer Chris Allen had been on the property for a brief time watching the Super Bowl game until a time the Saint's scored a touchdown, on their way to a historic victory, when the crowd cheered and thereafter Officer Allen then approached the Defendant David Marquar in Mr. Marquar's pool house and asked that he turn down the volume of a television set. Officer Allen turned to Defendant David Marquar and said "I told you to keep the noise down." Defendant David Marquar did not know whether Officer Allen meant the television or the cheering people

14. Officer Chris Allen was also under the impression there were speakers around the pool from which sound emanated, but such were later determined to not work.

15. Mr. Marquar did not fully comply with reducing the volume of a television located inside his pool house during this Super Bowl game, but instead asked the officer to exit the premises. However, Mrs. David Marquar told Officer Allen she would turn the television down and that he could leave. Officer Allen left the pool house and then returned again.

16. At or around that time, the Defendant David Marquar was tased by OFFICER CHRIS ALLEN as the Officer blocked the entrance doorway tasing Mr. Marquar who was yet inside his pool house.

17. The pool house contained 15 to 20 persons, family or friends of the Defendant, including children aged two (2), three (3), twelve (12) and thirteen (13) at the time of the tasing incident.

18. It is also known the tasing incident took place on property that was not the subject of the 911 call.

19. At the time OFFICER CHRIS ALLEN entered the 600 Turner property, word began to spread that 'police were on the property' and questions began to arise, but there were no actions by the crowd that put the officer in imminent danger.

20. After OFFICER CHRIS ALLEN tased Defendant David Marquar the crowd may have become more excited, but not rising to the point of danger to anyone.

21. Defendant David Marquar performed no actions to incite the crowd.

22. Defendant David Marquar was sitting on the side of the road with Officer Clay Necaise when the crowd lined the road and some officers thought the crowd to be 'uncontrollable'.

23. David Marquar was sitting down with Officer Necaise because of heart palpitations he was experiencing.  Officer Allen insisted he be taken to jail, but instead Defendant David Marquar was taken by ambulance to the local hospital where he was admitted.

## PARTIES

24. Plaintiff DAVID MARQUAR is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint he resided in

4

Waveland, Mississippi. The infliction of the named actions on DAVID MARQUAR were performed in Hancock County, Mississippi by OFFICER CHRIS ALLEN while he was in the employment of and under the supervision of the Police Chief and the City of Waveland.

25. The Defendant, Police Chief James A. Varnell, is believed to be an adult resident of Waveland, Mississippi. At all times material hereto this Defendant, he was the Police Chief of Waveland located within Hancock County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Waveland, Mississippi including DAVID MARQUAR while travelling through the city limits. This Defendant is sued in his official and individual capacities. He may be served with lawful process at the Waveland Police Department in Waveland, Mississippi.

26. The Defendant OFFICER CHRIS ALLEN is believed to be an adult resident citizen of Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Waveland Police Department, the City of Waveland and supervised by Police Chief James A. Varnell.

27. The Defendant, City of Waveland and its Mayor David Garcia, on behalf of all city public departments including the Board of Alderman and Waveland Police Department, is a city located in Hancock County, Mississippi. At all times material hereto this Defendant or predecessor in office was vested with the responsibility and authority to hire, train, supervise, set public policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of

Waveland, MS, Mississippi including DAVID MARQUAR while travelling through its

city limits.  This Defendant may be served with lawful process at the city offices in

Waveland, MS, Mississippi at Town of Waveland, City Hall, 407 Highway 90,

Waveland, Mississippi 39576.

28. The Defendants, John and Jane Does, identities are not known to the Plaintiff at this time.

They include any and all other parties who by their actions or inactions are implicated in

this Complaint.  Information material to this incident will be requested by the Plaintiff.

Therefore, their true identities and the identities of others are unknown at this time and it

is believed they could be adult resident citizens of the City of Waveland and/or Hancock

County, Mississippi, or domestic or foreign corporations.  Through the discovery process

it is further believed that their true and accurate identities will become known and at that

time the Plaintiff will seek leave of this Honorable Court to Amend this his Complaint

and to specifically name the unknown persons as Defendants in this action and serve

them with process for wrongs committed and violations against the rights, privileges and

immunities of DAVID MARQUAR, all of which at this time are alleged to have been

committed by known persons in their official and individual capacities as employees of

the City of Waveland, other State or Municipal entities and/or other individuals acting in

concert with such person, persons or state entities named as Defendants herein or who

may be discovered to have acted in a manner detrimental to the rights, privileges and

immunities of DAVID MARQUAR.

29. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious

Defendants mentioned in the style of this Complaint.

<u>JURISDICTION</u>

30. The Plaintiff herein invokes the federal question jurisdiction of the Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorney's fees, and damages suffered and sustained by the Plaintiff DAVID MARQUAR and caused by the Defendants' blatant violation of the rights, privileges and immunities of DAVID MARQUAR as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985 (3), 1986 & 1988.  Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

<u>VENUE</u>

31. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391 (b) because all or part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

<u>COUNT I</u>

ACTION FOR DEPREVATION OF CIVIL RIGHTS

(42 U.S.C. SECTION 1983)

32. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

33. At all times material hereto, the Defendants were vested with State authority and the non-delegable responsibility and the duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under the color of state law, the Defendants commenced to engage in a course of

conduct to implement a policy, usage, plan or widespread practice or custom wherein the rights, privileges or immunities of DAVID MARQUAR were violated.  Specifically, the Defendants, jointly and severally, were engaged in a course of conduct that resulted in the violation of the Plaintiff's rights of protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the rights against cruel and unusual punishment as set forth in the Eight Amendment of the Constitution of the United States of America.  The violations complained in this Complaint include, but are not limited to, the use of excessive force, deprivation of identifiable civil rights i.e. liberty and/or the pursuit of happiness, the unnecessary and wanton infliction of pain and inhuman torture in light of the circumstances confronted by the Plaintiff resulting in a deprivation that was sufficiently serious wherein the Defendants acted maliciously and with wanton and willful reckless disregard for the Plaintiff's safety and well being by using actions designed and intended to cause DAVID MARQUAR mental and emotional harm, pain and/or injury all of which caused or contributed to his damages.

34. As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and to the equal protection of the laws were violated by the

Defendants together with his Eighth Amendment rights proscribing cruel and unusual punishment.

35. At all times material hereto, the Defendants acted pursuant to the policies, regulations, and decisions officially and unofficially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or widespread practice or custom of the Defendant OFFICER CHRIS ALLEN.

36. It is further averred that the Defendant Police Chief James A. Varnell, and the City of Waveland, Mississippi were the governmental officials whose edicts or acts may be fairly said to represent official policy, practices, customs or regulations of Waveland, Mississippi, and the Waveland Police Department. The aforementioned Defendants developed, planned and implemented the policy, custom and/or usage that results in and led to the foreseeable use of police actions by OFFICER CHRIS ALLEN which caused permanent damages to the Plaintiff.

37. The Fourth Amendment to the United States Constitution protects individuals from false arrest. In this instance there was no probable cause to detain, arrest, or subject the Plaintiff to a tasing/stun gun incident as described herein. The actions of the Defendants were outrageous, improper, illegal and unreasonable.

38. Any detention of the Plaintiff was at all times unlawful, placing the Plaintiff in an official vehicle for the purpose of confinement and later being held against his will was all without his consent.

39. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the

United States of America, DAVID MARQUAR suffered immediate and irreparable suffering to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing his to be emotionally distressed for life. While being battered by OFFICER CHRIS ALLEN of the Waveland Police Department, DAVID MARQUAR experienced extreme pain, suffering, humiliation, fear for his life, mental distress and severe emotional anguish.

<u>COUNT II</u>

ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(42.S.C. SECTION 1985)

31. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

32. Based on information and belief, DAVID MARQUAR was battered by OFFICER CHRIS ALLEN. He was violated physically and emotionally in a public setting within the confines of the Waveland police officers of the City of Waveland, Mississippi being specifically OFFICER CHRIS ALLEN.

33. It is clear from the facts set forth above that the Defendant, OFFICER CHRIS ALLEN, willfully and maliciously conspired to engage in a course of conduct consistent with the edicts, acts, policies, procedures, official decisions and mandates that resulted in a blatant violation of DAVID MARQUAR' constitutional rights. Thus, the Defendants are jointly and severally liable to the Plaintiff for the emotional damages, pain and suffering he endured.

34. The Defendant Police Chief James A. Varnell failed to train said officer of the proper respect for the constitutional rights of those while in the custody of said OFFICER CHRIS ALLEN. Such action and inaction resulted from the deliberate indifference of the Police

Chief with regard to the rights of the citizens of Waveland, Mississippi, and in particular DAVID MARQUAR.

35. The aforementioned acts of conduct and other acts are indicative of a pattern of violations and the inadequacy of the officers' training, particularly that of OFFICER CHRIS ALLEN, which were obvious and likely to result in DAVID MARQUAR's constitutional rights being violated. There exists a direct causal link between the permissive and pervasive atmosphere and failure to discipline and train OFFICER CHRIS ALLEN which led to the foreseeable proximate cause of the Plaintiff's depravation of rights and damages. Both Police Chief James A. Varnell and in particular OFFICER CHRIS ALLEN knew, based on their employment with the Waveland, MS Police Department, that deviations from any written or unwritten policy regarding proper use of a taser went ignored and without punishment. There existed a persistent, widespread practice and custom by the Defendants which allowed OFFICER CHRIS ALLEN to act in a manner in violation of the constitutional rights of DAVID MARQUAR which is so common and well settled as to constitute a custom that fairly represents the policy of the Waveland Police Department Police Chief James A. Varnell and all other Defendants and all had actual and/or constructive knowledge that such a custom was contributable to the City of Waveland and in particular the Waveland Police Department. The actual and/or constructive knowledge of such widespread practice or custom is therefore attributable to Waveland Police Department and/or Waveland Police Chief who condoned and permitted the widespread practice and custom of OFFICER CHRIS ALLEN violating person's, such as DAVID MARQUAR's, constitutional rights. Such practice was consistent and widespread and not nearly a single action in and of itself.

COUNT III

ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

(42 U.S.C. Section 1986)

36. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

37. The Defendant Police Chief, James A. Varnell knew or reasonably should have known, prior to the actions complained of including taser use on DAVID MARQUAR and the implementation of and completion of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place at the hands of OFFICER CHRIS ALLEN.

38. Despite the verbal reporting by DAVID MARQUAR, who suffered at the hands of OFFICER CHRIS ALLEN, neither Police Chief James A. Varnell nor anyone else in a position of authority to stop, reprimand and prevent the same from happening again immediately intervened.  There was no immediate reprimand, warning, nor suspension to prevent OFFICER CHRIS ALLEN from taking the law into his own hands and endangering the rights and lives of Waveland citizens.  Had appropriate recourse been implemented, DAVID MARQUAR would not be suffering today.

39. The Defendants in their individual and official capacities either intentionally or through their deliberate indifference failed to expose, prevent, intervene, stop or otherwise thwart the conspiracy to deprive DAVID MARQUAR and other persons similarly situated of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, duty, power, ability to halt, annul, void, expose, intervene in or stop the illegal violations before they occurred or while they were occurring.  Consequently, these Defendants are liable to DAVID MARQUAR for the damages he sustained at the hands of OFFICER CHRIS ALLEN whose actions were the Defendant Police Chief James A.

Varnell's responsibility to control, train, supervise, instruct and discipline and whose lack of the foregoing led directly to OFFICER CHRIS ALLEN's actions.

COUNT IV

FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

41. The Defendant Police Chief failed to provide adequate and competent training and/or supervision to the Defendant OFFICER CHRIS ALLEN particularly with regard to the illegal force of and use of tasers on or before the date in question. The aforementioned Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs to ensure officers such as OFFICER CHRIS ALLEN were properly trained.

42. As a direct and proximate cause of consequence of the aforementioned Defendant Police Chief, individually and in his representative, official capacity failed to properly develop, implement and otherwise devise a policy of adequate police training and or supervision for OFFICER CHRIS ALLEN and other Officers. DAVID MARQUAR was deprived of his Fifth, Eighth and Fourteenth Amendment constitutional rights, privileges, and immunities which, if properly trained, supervised and disciplined, every Officer within the employ of Police Chief James A. Varnell would have known it was illegal to use OFFICER CHRIS ALLEN's power and authority on the date in question and DAVID MARQUAR's damages and the corresponding depravation of his civil rights, privileges and immunities would not have happened.

13

43. Failure to provide adequate warning, reprimanding, training and supervision of OFFICER CHRIS ALLEN was so grossly negligent that it amounted to deliberate and blatant disregard for the rights, privileges and immunities of    DAVID MARQUAR and any other person or persons similarly situated.  Thus, because of the failure to adequately train and supervise the Defendant Officer, the aforementioned Defendants are liable for DAVID MARQUAR's damages and the depravation of his civil rights associated therewith.

<u>COUNT V</u>

NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

44. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

45. The Defendants, Police Chief, Waveland Police Station, and the City of Waveland were vested with the authority to hire, fire, transfer and discipline employees of the Waveland Police Department.

46. On information and belief after the February 7, 2010, events, DAVID MARQUAR complains that the illegal acts of OFFICER CHRIS ALLEN of the Waveland Police Department for the incidents of taser usage.  The Defendants, Police Chief James A. Varnell, the Waveland Police Department and the City of Waveland to hire, retain and not discipline OFFICER CHRIS ALLEN results in the creation of an edict, act or hostile environment that allows for OFFICER CHRIS ALLEN to take the law into his own hands and left excessive opportunity for the abuse of his power over the citizens of Waveland, Mississippi.  OFFICER CHRIS ALLEN believed he was above the law and could get away with blatant disregard for human life through the improper use of a taser to subdue citizens.  As a direct and proximate

14

consequence of the negligent hiring, retention and failure to discipline or to take necessary corrective immediate action in the past regarding OFFICER CHRIS ALLEN, the aforementioned Defendants are liable for the damages and corresponding depravation of rights sustained by the Defendants.

<u>COUNT VI</u>

PENDANT STATE OR SUPPLEMENTAL CLAIMS

A. BATTERY

47. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48. Defendant OFFICER CHRIS ALLEN inflicted offensive contact to Defendant David Marquar.  The offensive contact was intended to harm DAVID MARQUAR and/or unnecessarily inflict explicit acts and contact, suffering and distress upon his body.

49. As a direct and proximate consequence of the assault and battery i.e. the offensive contact, that Defendants OFFICER CHRIS ALLEN inflicted upon the person of DAVID MARQUAR he was violated and unable to live a peaceful, un-fearful and a normal lifestyle. At all times material to this Complaint, the Defendants OFFICER CHRIS ALLEN acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR. Thus the Plaintiff, DAVID MARQUAR is entitled to a monetary judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the assault and battery of DAVID MARQUAR.

B. ASSAULT

50. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

51. The events that give rise to this action that occurred on February 7, 2010, created in DAVID MARQUAR a reasonable apprehension that the Defendants OFFICER CHRIS ALLEN and other unknown individuals acting independently and in concert with one another were going to cause him to suffer or sustain immediate harmful or offensive contact to his person. At all times material to this cause of action, DAVID MARQUAR was alive and conscious and fearful of his life. Defendant OFFICER CHRIS ALLEN acted with reckless disregard for the safety and well being of DAVID MARQUAR.

52. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetrated upon DAVID MARQUAR. At all times material to this Complaint, the Defendant OFFICER CHRIS ALLEN acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR. Thus the Plaintiff, DAVID MARQUAR, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon him.

### C.  CIVIL CONSPIRACY

53. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

54. On the date in question, the Defendants acting in concert with one another entered into an agreement, expressly or by implications, through their participation in or condoning of the assault, battery and other actions complained by DAVID MARQUAR, to engage in conduct

16

that was wrongful, intentional, willful and wanton and designed to inflict upon DAVID

MARQUAR certain harm, suffering, pain and misconduct.  The Defendants agreement to

engage in or allow persons under their supervision and control to engage in such conduct was

illegal and amounted to a civil conspiracy against DAVID MARQUAR.

55. As a direct and proximate consequence of the conduct of the aforementioned Defendants,

both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for

the civil conspiracy to engage in conduct they knew or reasonably knew should have known

was against the law and public policy of this State when the same manifested itself against

the interests of DAVID MARQUAR.  At all times material to this Complaint, the Defendants

acted with wanton and willful reckless disregard for the safety and well being of DAVID

MARQUAR.  Thus the Plaintiff, DAVID MARQUAR, is entitled to a money judgment

against the Defendants who engaged in or contributed to or otherwise facilitated through

their acts of omission or commission this civil conspiracy against him.

### D.  THE COMMON LAW TORT OF OUTRAGE

56. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

the foregoing paragraphs.

57. The Defendants overall conduct on the date in question was so outrageous that it shocks

the moral and legal conscious of the community.  This outrageous conduct resulted in

DAVID MARQUAR, being permanently and emotionally scarred for the rest of his life.  The

manner, method and design of the Defendants conduct amounted to a cold, callous and

premeditated abuse of legal authority.

58. As a direct and proximate consequence of the conduct of the aforementioned Defendants,

both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for

such outrageous conduct as the same resulted in the damaging of DAVID MARQUAR. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR. The Plaintiff, DAVID MARQUAR, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward DAVID MARQUAR.

     E.  NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

59. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

60. The Defendant's conduct was designed not only to inflict illegal acts causing suffering upon DAVID MARQUAR, but also emotion and mental anguish and distress on the date in question. The manner, method and design of the Defendant's conduct cause DAVID MARQUAR to endure emotional and mental distress and anguish to this present day and in his future.

61. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on DAVID MARQUAR and with which he is still living. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR. The Plaintiff, DAVID MARQUAR, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on DAVID MARQUAR.

## F.  FALSE ARREST / FALSE IMPRISONMENT

62.  The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

63.  The Defendants detainment and further acts against Plaintiff while in custody and after knowing of Plaintiff's prior personal injuries were without probable cause and false assertions of the Defendants without legal authority or basis causing Plaintiff to be confined and contained against his will and without opportunity to fend against the actions of OFFICER CHRIS ALLEN to tase him while in this physical condition.  That the initial arrest was false and the action of public handcuffing and detention caused shame, humiliation, embarrassment and conscious pain and suffering.

64.  As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such false arrest as the same resulted in the damaging of DAVID MARQUAR.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR.  The Plaintiff, DAVID MARQUAR, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such false arrest or imprisonment toward DAVID MARQUAR.

## G.  MALICIOUS PROSECUTION

65. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

66. The Plaintiff herein was charged with several counts against the peace and dignity of the City of Waveland, Mississippi.  Thereafter, the City of Waveland, Mississippi did remand to the files and abandon their prosecution in favor of the accused.

67. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such malicious prosecution of the charges made against him as the same resulted in the damaging of DAVID MARQUAR.  At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and well being of DAVID MARQUAR.  The Plaintiff, DAVID MARQUAR, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such malicious prosecution toward DAVID MARQUAR.

## H.  ADDITIONAL AND MISCELLANEOUS

The improper conduct of Officer Chris Allen including his trespass, invasion of the Marquar home, his conduct not appropriate under the circumstances, his disturbance of the peaceful and joyous moments during the much anticipated New Orleans Saints Super Bowl appearance and improper discharge of a taser while possibly endangering the safety of children by his actions while acting under color of law while not immediately identifying himself as a law officer are all additional and supplemental claims against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

    a.   Present and future medical expenses;

    b.   Permanent emotional injury;

    c.   Pain and suffering;

d.   Economic damages;

e.   Out of pocket expenses;

f.   Loss of enjoyment of life;

g.   Past, present and future emotional distress and mental anguish;

h.   Court costs;

i.   Pre and post judgment Interest;

j.   Attorney's Fees;

k.   Any and all out of pocket expenses;

l.   All other damages of every kind to the Plaintiff to which he is entitled by law; and

m.   All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the City of Waveland, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality, particularly as to taser usage on citizens.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

I.   The Defendants be served with a copy of this Complaint;

II.   The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III.   The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV.   Any and all other legal and/or equitable relief the evidence would show and a jury

will allow.


THIS the 4th day of February, 2011.


                                        RESPECTFULLY SUBMITTED,

                                        DAVID MARQUAR

                                        BY: _____
                                             BOBBY MOAK
                                             Attorney at Law
                                             P.O. Box 242
                                             Bogue Chitto, MS  39626
                                             Bar # 9915