IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID MARQUAR                                                                           PLAINTIFF

V.                                                              CAUSE NO. 1:11CV54-LG-RHW

CHRIS ALLEN, JAMES A. VARNELL,
and DAVID GARCIA, in their official and
individual capacities; UNKNOWN JOHN
AND JANE DOES A-Z; CITY OF WAVELAND                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [40] for Summary Judgment filed by Defendants Chris Allen, James A. Varnell, David Garcia, and the City of Waveland. Defendant Chris Allen is an officer with the City of Waveland Police Department, Defendant James A. Varnell is the Chief of Police in the City of Waveland, and David Garcia is the Mayor of the City of Waveland. Allen, Varnell, and Garcia are sued in their official and individual capacities. Plaintiff Marquar alleges his rights were violated when Officer Allen arrested him in February 2010. Specifically, Marquar alleges Officer Allen deployed a nonlethal electro shock weapon, commonly referred to as a "Taser," without warning or provocation.[1] He alleges claims under federal and state law, including 42 U.S.C. § 1983, § 1985, and § 1986, and various state law torts. Defendants move for summary judgment on Marquar's claims

---

[1] It appears that the electro shock weapons used by the Waveland Police Department at the time were devices commonly known as "Tasers." (Defs.' Mot. Ex. 6, ECF No. 40-6). These are electronic stun guns manufactured by Taser International, Inc. Therefore, the Court will use the term "Taser" to refer to the weapon Officer Allen used on Marquar.

pursuant to Federal Rule of Civil Procedure 56.

Marquar has not filed a response to the Motion, despite being granted three extensions of time in which to do so. Having considered the Motion and the supporting exhibits, the Court finds that Defendants are entitled to summary judgment on Marquar's claims.

## BACKGROUND

The Court views the facts in the light most favorable to Marquar as the nonmovant. On February 7, 2010, David Marquar hosted a Superbowl party at his home in Waveland, Mississippi. Marquar's son lived on the adjacent property, and he was also hosting the party that evening. According to Marquar's deposition testimony, the party took place at Marquar's pool house and his son's house, and included approximately forty (40) guests. The Waveland Police Department received a complaint about noise at Marquar's son's home. Officer Chris Allen responded to a dispatch to that address.

Officer Allen asked Marquar's son to turn his music down, and he complied. Officer Allen then proceeded next door to Marquar's residence to address the noise level there. Marquar had been drinking, and testified that he had consumed four (4) "Crown and Cokes" since the football game started earlier that evening. (Defs.' Mot. Ex. 1, 38 (ll. 4-17), ECF No. 40-1). Officer Allen informed Marquar that he had to keep the noise down. The Amended Complaint states that Marquar "did not fully comply with reducing the volume . . . but instead asked the officer to exit the premises." (Am. Compl. 3 (15), ECF No. 3). Marquar's wife told Officer Allen that

-2-

she had it "under control" and that Officer Allen could leave. (Defs.' Mot. Ex. 1, 46 (ll. 1-2), ECF No. 40-1). Officer Allen then left the pool house.

At this point, the parties' accounts of the facts diverge substantially. The Amended Complaint states that "Officer Allen left the pool house and then returned again," and "[a]t or around that time . . . Marquar was tased . . . as the Officer blocked the entrance doorway[.]" (Am. Compl. 2-3 (¶¶15-16), ECF No. 3). Marquar's complaint provides no further details about the circumstances immediately leading up to Officer Allen's use of the Taser. During his deposition, Marquar testified that after Officer Allen left the pool house, halftime was starting and Marquar went to the bathroom. According to Marquar, after he exited the bathroom, Officer Allen suddenly swung the door to the pool house open, and deployed the Taser into Marquar without warning. Marquar further testified that he did not resist arrest in any way.

In contrast, Officer Allen testified that when Marquar realized a policeman was on his property, he became irate and yelled at Officer Allen to "get the f**k off [his] property," and refused to turn the television or the music down. (Defs.' Mot. Ex. 2, 30 (ll. 13-22), ECF No. 40-2). According to Officer Allen, he informed Marquar that he was under arrest, and Marquar resisted and tried to get away. Officer Allen also testified that he warned Marquar before he used the Taser.

After Officer Allen used the Taser, or stun gun, on Marquar, Marquar was incapacitated and was taken by ambulance to a local hospital. On April 19, 2010, Marquar was convicted of resisting arrest and disturbing the peace, and the

Municipal Court sentenced him to a fine in the amount of $424.00. (Defs.' Ex. 4, ECF No. 40-4). According to Marquar's deposition testimony, he never paid the fine or appealed his conviction.

Marquar's Amended Complaint brings claims pursuant to 42 U.S.C. § 1983 and alleges violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. He also alleges conspiracy claims under 42 U.S.C. §§ 1985 and 1986, as well as a number of state law claims: negligent hiring, retention, training, and supervision; battery; assault; civil conspiracy; outrage; negligent and intentional infliction of emotional distress; false arrest and false imprisonment; and malicious prosecution.[2]

## THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff has not submitted any argument or evidence in opposition to the Defendants'

---

[2] To the extent Marquar's negligent hiring, training, supervision and retention claims are brought under state law, they are treated by Mississippi courts as simple negligence, subject to the Mississippi Tort Claims Act. *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005).

Motion. Nevertheless, the Defendants have the burden of establishing the absence of a genuine issue of material fact and, unless they have done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## DISCUSSION

### I. Section 1983 Claims

Marquar claims that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and are liable pursuant to 42 U.S.C. § 1983. His Amended Complaint alleges that he was arrested without probable cause, and deprived of his rights to procedural and substantive due process, to the equal protection of the laws, and to be free from cruel and unusual punishment. Marquar claims the City failed to adequately train or supervise officers, and that the City negligently hired, retained, and failed to discipline officers.[3] He contends that City officials have promulgated policies or customs that resulted in foreseeable constitutional violations.

Defendants argue that Marquar's Fourth Amendment excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). They assert that his Fourteenth Amendment claims are barred because it is actually a Fourth Amendment excessive

---

[3] Although Marquar may not bring a negligence claim under 42 U.S.C. § 1983, his allegations of failure to adequately train or supervise officers also relate to the excessive force claim and will be analyzed in that context.

force claim, and that his Fifth and Eighth Amendment claims also fail. Defendants contend that Marquar has failed to demonstrate that a municipal policy, custom, or practice caused a constitutional violation, and therefore he cannot recover from the City of Waveland or the defendants in their official capacities.

*Fourth Amendment Claim*

The United States Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is not cognizable under 42 U.S.C. § 1983. The *Heck* decision stated:

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Marquar was convicted of resisting arrest and disturbing the peace. Miss. Code Ann. § 97-9-73 criminalizes resisting arrest, making it "unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest . . . by any . . . law enforcement officer." Miss. Code Ann. § 97-9-73. Marquar has not appealed or sought to overturn his conviction.

Marquar's Amended Complaint alleges in Count I, which contains his Section 1983 claims, that the Fourth Amendment was violated because "there was no probable cause to detain, arrest, or subject the Plaintiff to a tasing . . ." and "[a]ny detention of the Plaintiff was at all times unlawful, placing the Plaintiff in an official vehicle for the purpose of confinement and later being held against his will was all without his consent." (Am. Compl. 9-10 (¶¶38-39), ECF No. 3). The *Heck* doctrine bars Marquar's claim of false arrest. *Heck*, 512 U.S. at 487 n.6 (1994); *see, e.g., Pearlman v. City of Fort Worth, Tex.*, 400 F.App'x. 956, 959 n.6 (Section 1983 claim of unlawful arrest barred by Heck).

With respect to excessive force, the Amended Complaint states simply that the "violations complained of . . . include, but are not limited to, the use of excessive force[.]" (*Id.* at 8 (¶34)). Defendants argue that Marquar's excessive force claim is also precluded by *Heck*, and that Marquar's conviction establishes that his arrest was lawful.

This Court has recently emphasized that "in the excessive force context, the question of whether the plaintiff resisted arrest could be distinct from whether a police officer used excessive force in carrying out that arrest." *Daigre v. City of Waveland*, No. 1:10cv568-LG-RHW (S.D. Miss. Sept. 25, 2012) (order granting summary judgment). The fact that a suspect or arrestee is resisting does not give the arresting officers free reign to abuse the limits of the Fourth Amendment. The United States Court of Appeals for the Fifth Circuit has noted that whether *Heck*

bars an excessive force claim is a necessarily "fact-intensive" analysis, and turns on "whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).  The *Bush* court held that "a claim that excessive force occurred **after** the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." 513 F.3d at 498 (emphasis added) (citations omitted).

Here, however, Marquar does not allege that Officer Allen used excessive force after he stopped resisting, because Marquar claims that he never resisted. Marquar's Amended Complaint is extremely vague in its statement of facts with respect to Officer Allen's use of the Taser.  The complaint says only that it occurred, and does not include any information about whether Marquar ever resisted Officer Allen's attempt to arrest him.  However, during his deposition, Marquar testified repeatedly that he did not resist arrest in any way:

> Q. You just said that you did not resist verbally or physically; correct?
>
> A. No, sir.
>
> Q. At any point during this whole altercation, right?
>
> A. No, sir.
>
> Q. So it was not a situation where you might have resisted a little at some point either before or after the tasing . . . you never resisted arrest; right?

>    A. No, sir.
>
>    Q. Not once.
>
>    A. No, sir.
>
>    Q. Is that right? . . .
>
>    A. You are correct. I never resisted arrest; never was told I was under arrest.

(Defs.' Mot. Ex. 1 at 51-52 (ll. 8-25, ll.1), ECF No. 40-1). Marquar also testified that Officer Allen suddenly burst through the door and used the Taser on him without provocation or warning as he was leaving the bathroom and going back to watch the game. Marquar does not allege that Officer Allen used excessive force on him to stop him from resisting, or that Officer Allen used excessive force either before or after Marquar resisted arrest.

The Fifth Circuit has held that a civil lawsuit challenges the validity of a conviction of resisting arrest, and the *Heck* doctrine applies, where the plaintiff claims "that he did nothing wrong, but was viciously attacked for no reason." *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324 (5th Cir. 2004) (Plaintiff's civil lawsuit maintained he "did nothing to provoke [the officer's] actions," and Plaintiff testified in his deposition that he "in fact, never resisted their attempts to arrest him."). The Court in *Arnold* found that if the plaintiff had prevailed, he would "have established that his criminal conviction lacks any basis." *Id.* Like the plaintiff in *Arnold*, Marquar's factual assertion that he never resisted is at odds with his conviction of resisting arrest. Moreover, Marquar does not allege that the

facts supporting his excessive force claim are distinct from the facts underlying his conviction. Under *Heck*, he cannot claim, in a civil lawsuit, that his criminal conviction lacks any factual basis when he has made no effort to appeal that conviction. Defendants are entitled to summary judgment on Marquar's excessive force claim.

*Claims Under the Fifth, Eighth, and Fourteenth Amendments*

Marquar also alleges that his rights under the Fifth Amendment were violated. The due process and other protections of the Fifth Amendment apply only to violations by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). Marquar does not allege that any of the Defendants were acting under authority of the federal government, and therefore he has no cause of action under the Fifth Amendment.

Marquar's claims under the Eighth Amendment are also barred. The protections of the Eighth Amendment apply only to convicted inmates, not suspects or even pretrial detainees. *See, e.g., Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Marquar makes no allegation that he was a prisoner who was subjected to unconstitutional punishment. His Amended Complaint does not allege any mistreatment that falls under the Eighth Amendment's prohibition. Thus, he has no Eighth Amendment claim. *See, e.g., Abshure v. Prator*, 392 F. App'x. 267, 268 (5th Cir. 2010) (The

"Eighth Amendment applies to treatment of prisoners, not pretrial detainees.").

Marquar also alleges his rights under the Fourteenth Amendment were violated, but he may not pursue an excessive force claim under either the Due Process or Equal Protection clauses of the Fourteenth Amendment. Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular kind of government action, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourth Amendment, rather than the Fourteenth, governs the use of force by police in apprehending a suspect. *See Lytle v. Bexar Cnty, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994). Marquar's Amended Complaint makes a brief reference to a procedural due process deprivation, but provides no further explanation, and Marquar has not submitted any evidence in support of such a violation.

Moreover, in order to state a claim under the Equal Protection clause, Marquar must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)). Marquar's Amended Complaint does not allege that he was treated differently based on race or other protected status. Marquar testified in his deposition that he was not subjected to the alleged excessive force because of any kind of discrimination.

(Defs.' Mot. Ex. 1, 94 (ll. 7-14), ECF No. 40-1).  Therefore, Marquar has no Fourteenth Amendment claim.  Defendants are entitled to judgment as a matter of law on the Fifth, Eighth, and Fourteenth Amendment claims.

## II.  Claims Against the City and Defendants in their Official Capacities

Marquar has alleged claims against the City of Waveland as well as the defendants in their official capacities.  Marquar is unable to demonstrate liability under Section 1983 on the part of the City or any individual defendant in his official capacity.  Supervisory officials cannot be held liable under section 1983 for the actions of subordinates on any theory of vicarious or *respondeat superior* liability.  *McCully ex rel. Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).  A municipality cannot be held liable unless a police officer's alleged constitutional violation proximately resulted from a municipal policy or custom.  *See, e.g., Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).  For purposes of Section 1983, a claim against a municipal employee in his official capacity is "in essence, a suit against the municipality," and requires the same showing of a policy or custom.  *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005)).

Thus, to prevail on claims against the City of Waveland or the individual defendants in their official capacities, Marquar must show his alleged injury was caused by (1) "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or (2) "a

persistent widespread practice of city officials or employees, which … is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert denied*, 472 U.S. 1016 (1985).

Marquar has alleged in his Amended Complaint that official policy or practices led to his injury, but nothing more. During his deposition, he testified that he did not know what the Waveland Police Department's policies with respect to Tasers were, or who set such policies. (Def.'s Mot. Ex. 1, 96 (ll. 8-14), ECF No. 40-1). He has not refuted Defendants' arguments with respect to the City's policies, and has presented no evidence of any policy or custom that contributed to any violation of law. Bare allegations, offered without proof, are insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). Defendants have established that they are entitled to judgment as a matter of law on Marquar's Section 1983 claims against the City and the individual defendants in their official capacities.

### III.  Claims Against Defendants in their Individual Capacities

Defendants argue that Marquar's claims against Mayor David Garcia and Chief of Police James Varnell in their individual capacities fail because there is no violation for which they could be individually liable. They submit that Marquar admitted Garcia was not the Mayor of Waveland at the time of the alleged incident, and that Chief of Police Varnell was not present at the scene. Defendants make no

-13-

argument with respect to Marquar's claims against Officer Allen in his individual capacity.

An official such as Garcia or Varnell who is sued in his individual capacity cannot be liable under Section 1983 on the theory of *respondeat superior;* he must have been personally involved in the plaintiff's injury to be liable. *Williams v. Luna,* 909 F.2d 121, 123 (5th Cir. 1990). Marquar presented no facts or evidence to establish that either Garcia or Varnell was personally involved in the incident. During his deposition, he could not explain how Varnell or Garcia had contributed to his injuries. Accordingly, the Defendants are entitled to judgment as a matter of law in regard to the claims against Defendants Garcia and Varnell in their individual capacities.

## IV. Conspiracy Claims

Marquar's Amended Complaint also alleges conspiracy claims under 42 U.S.C. §§ 1985 and 1986. Section 1985 prohibits conspiracies to intimidate or injure a federal official, or to deny a citizen equal rights based on racial or class-based discrimination. *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Section 1986 addresses the failure to prevent a Section 1985 conspiracy.[4] Marquar's Amended

---

[4] Section 1986 states in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of

Complaint does not allege he was denied the equal protection of the laws because of discrimination of any kind. In his deposition, Marquar stated that he did not believe Officer Allen used the stun gun on him because of discrimination. (Defs.' Mot. Ex. 1 at 94 (ll. 12-14), ECF No. 40-1). Therefore, Marquar's claims under Sections 1985 and 1986 fail as a matter of law. To the extent Marquar also alleges a state law claim of civil conspiracy, he has not presented any evidence that an agreement existed between the Defendants or that they conspired to harm him. Accordingly, Defendants are entitled to judgment as a matter of law on Marquar's civil conspiracy claims.

## V. State Law Claims

Marquar's Amended Complaint alleges a number of claims under state law, including the torts of assault, battery, outrage, false arrest and false imprisonment, malicious prosecution, and negligent infliction of emotional distress. He also alleges claims of negligent hiring, retention, training, and supervision. Defendants argue that Marquar's state law claims are barred because he failed to comply with the notice requirement of the Mississippi Tort Claims Act (MTCA).

The MTCA requires that a person making a claim against a governmental

---

> the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]

42 U.S.C. § 1986.

entity or a government employee must file a notice of the claim with the governmental entity ninety (90) days prior to filing an action in court. *See* Miss. Code Ann. § 11-46-11(1).[5] Under Mississippi law, "[t]he notice of claim requirement 'imposes a condition precedent to the right to maintain an action.'" *Clanton v. DeSoto Cnty. Sheriff's Dept.*, 963 So.2d 560, 563 (¶ 7) (Miss. Ct. App. 2007) (quoting *Gale v. Thomas*, 759 So.2d 1150, 1159 (¶ 33) (Miss.1999)). "The timely filing of the notice of claim is a jurisdictional prerequisite." *Id.* There is a one-year statute of limitations on claims under the MTCA, and failure to file the required notice within the one year period means the claims are time barred. *See, e.g., Little v. Miss. Dep't of Human Servs.*, 835 So. 2d 9, 12 (Miss. 2002).

Marquar's alleged injury occurred in February 2010, and there is no evidence in the record that he filed notice pursuant to Miss. Code Ann. § 11-46-11 within the mandatory one-year deadline. Marquar has not put forth any argument or

---

[5] The language of Miss. Code Ann. § 11-46-11(1) provides, in pertinent part:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity. Service of notice of claim may also be had in the following manner: . . . . if the governmental entity is a municipality, then upon the city clerk.

Miss. Code Ann. § 11-46-11(1).

statement that he filed proper notice of his claims under the MTCA. Accordingly, the Court must find that Marquar's state-law tort claims are barred.

CONCLUSION

Having considered Marquar's allegations and the evidence provided, it is the Court's opinion that Defendants have shown there is no question of material fact for the jury in regard to Marquar's claims. The Defendants' Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [40] for Summary Judgment filed by Defendants the City of Waveland, and Chris Allen, James Varnell, and David Garcia in their individual and official capacities, is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE